COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Sergio Ian Rodriguez v. The State of Texas

Appellate case number:   01-12-00397-CR

Trial court case number:  185062

Trial court:             County Court at Law No. 3 of Brazoria County

The record in the above-referenced appeal is complete. Appellant's brief was originally due on September 24, 2012. Appellant did not file a brief. On March 7, 2013, the Court abated the appeal and remanded the case to the trial court to immediately conduct a hearing at which a representative of the Brazoria County District Attorney's Office and appellant were to be present. The trial court was directed to make a finding on whether appellant wished to prosecute the appeal, to make a finding on whether appellant was presently indigent,[1] and to set a date when appellant's brief would be filed. On March 28, 2013, the trial court held a hearing and determined that appellant wished to prosecute his appeal, that appellant was not indigent, and that appellant intended to retain counsel. The trial court set the deadline for appellant's brief on April 29, 2013. A reporter's record of the hearing and a supplemental clerk's record were filed with the Court and appellant's appeal was reinstated on April 24, 2013.

Appellant has filed two motions for extension of time to file his brief. In his motions for extension of time, appellant states that he does not have the financial resources to retain a qualified attorney. Appellant's motions for extension of time were granted and the deadline for appellant's brief was set on June 27, 2013. On July 17, 2013, the Clerk of Court notified appellant that his brief had not yet been filed and requested a response within 10 days. To date, appellant has not responded.

In accordance with Texas Rule of Civil Procedure 38.3, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Brazoria

---

[1] If the trial court determined that appellant was indigent, the court was to appoint appellate counsel at no expense to appellant. If the trial court determined that appellant was not indigent, the court was to determine whether appellant had secured retained counsel. Further, after having admonished appellant of the dangers and disadvantages of self-representation, the trial court was to make a finding as to whether appellant wished to waive his right to counsel on appeal and proceed pro se.

County District Attorney's Office and appellant shall be present.[2] TEX. R. APP. 38.8(b)(2). The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal; and, if so,

(2) make a finding on whether appellant is presently:

    a.    indigent, in which case the trial court shall appoint appellate counsel at no expense to appellant; or

    b.    not indigent, in which case the trial court should determine whether appellant has made the necessary arrangements for filing a brief, including whether appellant has retained counsel and, if so, the name, address, telephone number, and State Bar number of retained counsel; or

    c.    after having been admonished by the trial court of the dangers and disadvantages of self-representation, appellant wishes to waive his right to counsel on appeal and proceed pro se, and his doing so is in the best interest of appellant and the State; and

(3) set a date certain when appellant's brief will be filed, no later than 30 days from the date of the hearing; and

(4) make any other findings and recommendations the trial court deems appropriate; and

(5) enter written findings of fact, conclusions of law, and recommendations as to these issues.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (c), (d)(1), 26.04(j)(2) (West Supp. 2012); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order. *See* TEX. R. APP. P. 38.8(b)(3). If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. If appellant's brief is not timely filed, pursuant to the trial court's findings, the Court may consider the appeal on the record. *See* TEX. R. APP. P. 38.8(b)(4).

It is so ORDERED.

---

[2]    If appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing. Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.

Judge's signature: /s/ <u>Laura C. Higley</u>
                           ☑ Acting individually      ☐ Acting for the Court

Date:  October 15, 2013